## Thomas Kennedy by Peter Koenen, Appellee, v. City of Chicago, Appellant.

## Gen. No. 20,849. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action on the case, brought in the Superior Court of Cook county by Thomas Kennedy, a minor, by his next friend, Peter Koenen, against the City of Chicago, to recover damages alleged to have been sustained by the plaintiff by reason of a certain accident to the plaintiff on August 26, 1915. The accident occurred at a point where Larrabee street crosses the Chicago, Milwaukee & St. Paul Railroad tracks in the city of Chicago. The plaintiff, a boy nine years old, was run over by a train passing along said tracks, and one of his legs was so badly injured that it became necessary to amputate the same.

The case was tried before the court and a jury, and a verdict was returned finding the defendant guilty and assessing the plaintiff's damages at $7,500. Upon the plaintiff's entering a remittitur for $2,500, the court entered judgment for $5,000, and this appeal followed.

JOHN W. BECKWITH and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY, of counsel.

JAMES V. CUNNINGHAM, for appellee; JOHN T. MURRAY, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1396*—*when verdict will not be set aside on appeal.* A verdict based on conflicting evidence will not be set aside on appeal unless clearly and manifestly against the weight of the evidence.

2. NEGLIGENCE, § 189*—*when question of contributory negligence is for court.* The question as to whether or not a person is guilty of contributory negligence is generally one of fact for the jury, and it only becomes a question of law when the evidence so clearly fails

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to establish due care that all reasonable minds would reach the conclusion that the person was guilty of contributory negligence.

3. MUNICIPAL CORPORATIONS, § 1100*—*when instruction sufficient though incomplete.* In an action for injuries caused by the defective condition of a sidewalk, an instruction allowing the jury to consider the condition of such sidewalk, and ignoring the question of notice to the city of such condition, is not erroneous when the question of notice is fully covered by other instructions given.

4. APPEAL AND ERROR, § 438*—*when question of variance will not be considered on appeal.* The question of alleged variance between the allegations and proof cannot be raised for the first time on appeal.